UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
CINDY LANZBOM individually and on
behalf of a class,

                     Plaintiffs,

    v.

PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,

                    Defendant.
-----------------------------------------------------X

**AMENDED**
**COMPLAINT – CLASS ACTION**
Docket No. 11-cv-4156    ECF
(VLB) (LMS)

        Plaintiff, by their attorneys, hereby amends the complaint as of right pursuant to Fed.R.Civ.P. 15(a)(1) and hereby alleges upon information and belief as follows:

## INTRODUCTION

        1.    Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Portfolio Recovery Associates L.L.C. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

        2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

        3.    Plaintiff further seeks to vacate judgments procured by Defendant, and disgorge monies collected unlawfully by Defendant, due to Defendant's failure to file a certificate of publication as required by the New York Limited Liability Company Law.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1367.

5.    Venue under 28 U.S.C. §1391 and personal jurisdiction in this District are proper because:

      a.    Defendant's collection communications were received by plaintiff within this District;

      b.    Defendant does business within this District.

6.    Plaintiff, Cindy Lanzbom, is an individual who resides in Rockland County, New York.

7.    Defendant, Portfolio Recovery Associates, L.L.C., is a limited liability company chartered under Delaware law with offices at 120 Corporate Blvd – Suite 100, Norfolk, VA 23502.

8.    Defendant buys defaulted debts from others.

9.    As part of their strategy for collecting defaulted debts, Defendant utilizes collection law firms and collection agencies.

10.    Defendant pays pennies on the dollar for these defaulted debts and then seeks to collect the full amount, plus interest.

11.    Defendant is a debt collector as defined in the FDCPA.

## FACTS

12.    On or about May 19th, 2011, a letter was sent addressed to Plaintiff attached as Exhibit A, attempting to collect a debt on behalf of the Defendant.

13.   Exhibit A sought to collect a debt incurred for personal, family or household purposes, namely a personal consumer credit card debt.

14.   Exhibit A is sent out with the knowledge and consent of Defendant.

15.   Documents in the form represented by Exhibit A and other collection material is regularly sent to collect delinquent debts allegedly owed to Defendant.

16.   Defendant sued plaintiff on or about January 26th, 2010 and obtained a money judgment in amount of $6,388.94 on or about April 16th, 2010.  Summons and Complaint of that action attached as Exhibit B.

17.   Defendant, a foreign Delaware LLC, filed an application for authority to do business in New York with the New York Department of State on or about July 16th, 1999.

18.   Foreign LLC's are required to publish their formation, and file proof of publication of their LLC within 120 days of the filing of their application for authority.

19.   At the time of Plaintiff's commencement of the action against Defendant, Defendant has failed to publish, and has failed to file any certificate of publication and/or failed to file any sort of proof or affidavit of publication, as required.   Letter from the New York Department of State attached as Exhibit C.

20.   Pursuant to the New York Limited Liability Company Law, failure to file the certificate of publication results in suspension of authority to do business in New York State, and a prohibition of bringing any legal proceedings in New York State during the period of noncompliance.

21.   At the time of Plaintiff's commencement of the action against Defendant, Defendant's authority to do business had been suspended.

3

22.     During the period of noncompliance, Defendant was prohibited from conducting business in New York State, and prohibited from bringing a legal proceeding in New York State.

23.     At the time of the mailing of <u>Exhibit A,</u> Defendant's authority to do business had been suspended.

24.     The least sophisticated consumer is unlikely to search and/or to have the ability or knowledge to search Department of State records to determine whether Defendant's authority to do business is suspended, and/or to determine whether Defendant was prohibited from bringing a legal proceeding.

## VIOLATIONS ALLEGED

### Count I - FDCPA

25.     <u>Exhibit A</u> violates 15 U.S.C. §§1692, 1692e, 1692e(2)(a), 1692e(5) 1692e(10), 1692f.

26.     Section 1692e provides:

**§ 1692e.   False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—
(A) the character, amount, or legal status of any debt;

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt....

**§ 1692f.   Unfair Practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

27.     Defendant violated the above provisions of the statute because they had no right to collect this debt.

28.     Defendant's activities in collecting this debt were deceptive, misleading and/or false.

29.     Defendant's collection techniques involved asking consumers to pay debts when they had no legal ability to ask for payment.

30.     Defendant did not inform the consumer that the debt owed was to Defendant which had no authority to do business in New York and/or that Defendant had no right to collect any money or to sue in New York.

31.     Defendant's lawsuit against plaintiff in procuring a money judgment violated the above statute because Defendant's authority to do business in New York was suspended.

32.     Any judgment obtained during Defendant's period of noncompliance is a nullity and of no legal force or effect.

## COUNT II-GBL 349

32.     Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

33.     The conduct of Defendant in collecting and attempting to collect monies owed when it was not allowed to pursuant to the New York Limited Liability Law constitutes deceptive or materially misleading activity that is directed at consumers and the public at large and caused consumers to suffer financial injuries of having increased debt and having money extracted from them.

5

34.     As a result of the unlawful collection activity which the defendant

engaged in, plaintiff is entitled to damages pursuant to GBL § 349 of $6,388.94 which is actual

damages.

## CLASS ALLEGATIONS

35.     Plaintiff brings this class action on behalf of classes pursuant to

Fed.R.Civ.P.23(a) and 23(b)(2) and 23(b)(3).

36.     The first class consists of (a) all individuals (b) with a New York address

(c) who received any collection material from Defendant or Defendant's agent on or after a date

1 year prior to the filing of this action, and until 20 days after the filing of this action.

37.     The first class is so numerous that joinder of all members is not

practicable.  On information and belief, there are at least 40 members of the class.

38.     There are questions of law and fact common to the  first class, which

common questions predominate over any questions relating to individual class members.  The

predominant common question in the first class, is whether the collection material sent out

during the period of Defendant's noncompliance with the publication requirement, violates the

FDCPA.

39.     The second class consists of (a) all individuals (b) with a U.S. address (c)

who had a money judgment entered against them in a court in New York State (d) by Portfolio

(e) on or after January 1, 2000 and on or before 20 days after the filing of this action.

40.     The second class is so numerous that joinder of all members is not

practicable.  On information and belief, there are at least 40 members of the class.

41.     There are questions of law and fact common to the second class, which

common questions predominate over any questions relating to individual class members. The

predominant question in the second class, is whether Defendant's procurement of money judgments, despite its suspension of authority to do business and/or its being prohibited from bringing a legal proceeding, violates the New York Limited Liability Company Law and/or the GBL.

42.    Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

43.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

44.    A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.

a. Members of the classes are likely to be unaware of their rights;

b. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

(1)    Statutory damages;

(2)    Vacatur of the judgment obtained against Plaintiff;

(3)    Vacatur of each and every judgment obtained against the consumers defined by the second class above;

(4)    Declaratory relief that Defendant engaged in activity that violated the New York Limited Liability Company Law, the FDCPA, and the GBL;

(5)     Disgorgement of any collected monies by Defendant during

the time period between January 1, 2000 and until 20 days

after the filing of this action;

(6)     Attorney's fees, litigation expenses and costs of suit;

(7)     Such other and further relief as the Court deems proper.

Dated: New York, New York
        June 21st, 2011

AARON COHEN, ESQ. (AC0613)
THE COHEN LAW OFFICE, P.C.
Attorney for Plaintiff
300 E. 42nd Street, 10th Floor
New York, New York 10017
Telephone: (212)-813-2000
acohen@cohenlawpc.net

Law Office of Ryan Scott Karben
Ryan Scott Karben, Esq.
11 Tara Drive
Pomona, New York 10970
914-536-4402
ryan@ryankarben.com

Law Offices of Shimshon Wexler,
P.C.
Shimshon Wexler, Esq.
2710 Broadway, 2nd Floor
New York, NY 10025
212-760-2400
917-512-6132 (fax)
swexleresq@gmail.com

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Aaron Cohen

# EXHIBIT A

MALEN & ASSOCIATES, p.c.
Attorneys at Law
123 Frost Street, Suite 203
Westbury, New York 11590
(516) 334-3500
Ext: 5906

05/19/11

CINDY R LANZBOM
37 SHERWOOD RIDGE RD
POMONA NY 10970

516-479-5951
paul mahler, esq

Re: PORTFOLIO RECOVERY ASSOCIATES, LLC
    and
    CINDY R LANZBOM
    AKA CINDY LANZBOM

File No:  222369 60
          5178057250587651
Originating Creditor: CAPITAL ONE BANK NA
Balance Due:$ 7015.93

Dear CINDY R LANZBOM

**IF YOU ARE REFINANCING OR SELLING YOUR HOME, THIS LETTER IS NULL & VOID!**

This is to confirm our client's acceptance of a settlement with reference to the above
captioned to be paid in ONE LUMP SUM payment.

Your LUMP SUM payment of $ 4000.00 is expected on or before 05/30/11.

Please make checks payable to Malen & Associates, p.c. and put the file
number in the memo section of the check.

A satisfaction of judgment, if applicable, shall be issued once your
funds have cleared, provided funds are not from a refinance or sale of real property.

This is an attempt to collect a debt, any information obtained will be
used for that purpose. We are Debt Collectors.

Very truly yours,
Malen & Associates, p.c.

By:
    Ginny Rohde
    Account Representative
    (516) 479-5906

settlement
ginny

# EXHIBIT B

ᵗ

Index No: _____
Date Filed: _____

Doc ID:    Type: COU
Recorded: 01/28/2010
Fee Amt: $210.00 Page 1 of
Rockland County, NY
Paul Piperato County Clerk
SU-2010-001031

## CONSUMER CREDIT TRANSACTION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------x
PORTFOLIO RECOVERY ASSOCIATES, LLC

XXXXXXXXXXXX

SUMMONS AND COMPLAINT

Plaintiff

against

The basis of the venue designated is: County in which defendant(s) resides

CINDY R LANZBOM
AKA CINDY LANZBOM

Defendant(s)
------------------------------------------x

To the above named Defendant(s)

You are hereby summoned and required to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with summons, to serve a notice of appearance on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the complaint.

Dec 21, 2009

Defendant's address:
CINDY R LANZBOM
37 SHERWOOD RIDGE RD
POMONA NY 10970

Doc ID:    *02046877001 Type: COU
Recorded: 01/28/2010
Fee Amt: $210.00 Page 1 of 1
Rockland County, NY
Paul Piperato County Clerk
SU-2010-001031

Attorney(s) for Plaintiff
Malen & Associates, p.c.
123 Frost Street, Suite 203
Westbury, NY 11590
(516) 334-3500 Ext: 5947
NYC License #:1249728
The relief sought is: See attached complaint

 Paul Mahler, Tim Murtha, Jeffrey Wolsen

Upon your failure to appear, judgment will be taken against you by default for the sum of $ 5792.37 with interest from _____ and costs and disbursements of this action.

This is an attempt to collect a debt, any information obtained will be used for that purpose. We are a Debt Collector.

UNOFFICIAL COPY / NOT A PRELIMINARY / WATERMARK

SUPREME COURT OF THE STATE OF NEW YORK          INDEX #:
COUNTY OF ROCKLAND
----------------------------------------X          OUR FILE #: 0422K -222369
PORTFOLIO RECOVERY ASSOCIATES, LLC

**FILED BH**

Plaintiff,                    COMPLAINT              JAN 2 6 2010
-against-
CINDY R LANZBOM                                     ROCKLAND COUNTY
AKA CINDY LANZBOM                                   CLERK'S OFFICE

                    Plaintiff's Address:
Defendant(s)        140 Corporate Blvd
----------------------------------------X          Norfolk, VA 23502

PLAINTIFF BY ITS ATTORNEYS, MALEN & ASSOCIATES, P.C. COMPLAINING OF the Defendant(s),
allege(s) upon information and belief:

1. Plaintiff is a Corporation licensed to do business in New York.
   CAPITAL ONE (the Assignor) assigned account to PORTFOLIO RECOVERY ASSOCIATES, LLC.
   Plaintiff's New York City Department of Consumer Affairs license number is 1096994.

2. Defendant CINDY R LANZBOM resides or has its principal place of
   business at: 37 SHERWOOD RIDGE RD POMONA NY 10970

3. Upon information and belief the transaction of business occurred within ROCKLAND County.

4. CAUSE OF ACTION NUMBER ONE:
   Defendant(s) executed an agreement wherein Assignor agreed to extend credit or cash advance on a revolving basis which
   credit or advance was to be paid in monthly installments. There remains due and owing the sum of $ 5498.18 plus interest of
   $ 294.19 at the statutory rate of 9.00%, from 05/18/09, for a total of $792.37.

5. That no portion of the aforementioned sum has been paid, although duly demanded.

6. CAUSE OF ACTION NUMBER TWO:
   Plaintiff repeats each allegation contained in paragraphs 1 through 5, inclusive.

7. Defendant(s) agreed to pay for attorney fees up to the reasonable value of $ .00.

8. CAUSE OF ACTION NUMBER THREE:
   Plaintiff repeats each allegation contained in paragraphs 1 through 7, inclusive.

9. An account was taken and stated showing a balance of $ 5792.37 due and owing to Plaintiff by Defendant(s), no part of
   which has been paid, although duly demanded, which Defendant(s) did not object to.

WHEREFORE Plaintiff demands judgement against Defendant(s) in the sum of $ 5792.37 on the first cause of action; the sum
of $ .00     on the second cause of action; the sum of $ 5792.37 on the third cause of action; together with interest from
the date of this complaint along with costs and disbursements.

DATED: Dec 21, 2009
   Westbury, New York

                Paul Mahler, Tim Murtha, Jeffrey Wolstein

YOURS, etc.
MALEN & ASSOCIATES, P.C.          This is an attempt to collect a debt. Any information obtained will be
Attorneys for Plaintiff            used for that purpose. We are a Debt Collector.
123 Frost Street, Suite 203
Westbury, N.Y. 11590
(516) 334-3500 Extension: 5947
NYC License #: 1249723

Doc ID: *020458780001 Type:
Dec ID:
Recorded: 01/26/2010
Fee Amt: $210.00 Page 1 of 1
Rockland County, NY
Paul Piperato County Clerk
SU-2010-001031

UNOFFICIAL COPY

# EXHIBIT C



STATE OF NEW YORK
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

ANDREW M. CUOMO
GOVERNOR

CESAR A. PERALES
SECRETARY OF STATE

June 14, 2011

Shimshon Wexler
2710 Broadway, 2nd Floor
New York, NY  10025

Dear Mr. Wexler:

As requested in your recent letter, please be advised as follows in relation to the certificate of publication or affidavit of publication for each entity.

Asset Acceptance, LLC - Certificate of publication 01/04/2007
Cavalry Portfolio Services, LLC - Affidavits of Publication filed 12/03/2002
LVNV Funding LLC - Certificate of Publication filed 08/21/2009
RJM Acquisitions LLC - Affidavits of Publication filed 10/24/2001
Palisades Collection, LLC - No affidavit or certificate of publication filed
Midland Funding Corporation - Corporations are not subject to the publication requirement
Portfolio Recovery Associates, L.L.C. - No affidavit or certificate of publication filed

We hope you find this information helpful.

Sincerely,

Division of Corporations