UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK (White Plains)

| | |
|---|---|
| CINDY LANZBOM individually and on behalf of a class,<br><br>  Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>  Defendant. | Hon. Vincent L. Briccetti<br>Civil Action No.: 11-CV-04156-VB |

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Portfolio Recovery Associates, LLC (hereinafter, "Defendant"), whose principal place of business is 140 Corporate Boulevard, Norfolk, VA, 23502, hereby amends its answer to Plaintiff's Amended Complaint and states as follows:

**INTRODUCTION**

1. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

2. The allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

3. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

## JURISDICTION AND VENUE

4. The allegations of this paragraph contain conclusions of law to which no responsive pleading is required. In addition, Defendant denies that this Court has jurisdiction over all of the Plaintiff's claims.

5. The allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

6. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.

7. Admitted.

8. Defendant admits that it purchases debts from other creditors. However, any allegation that the debts are consumer debts within the meaning of 15 USCC 1692a(5) is a legal conclusion to which no responsive pleading is required.

9. Defendant admits that it retains attorneys and utilizes third parties to assist in the collection of debts but is without sufficient personal knowledge to admit or deny the remaining allegations of this paragraph and leaves Plaintiff to her proofs. In addition, any allegation that the debts are consumer debts within the meaning of 15 USCC 1692a(5) is a legal conclusion to which no responsive pleading is required.

10. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.

11. The allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

**FACTS**

12.     Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.  Defendant denies that it sent the letter attached as Exhibit "A".

13.     Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.  Defendant denies that it sent the letter attached as Exhibit "A".

14.     Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.  Defendant denies that it sent the letter attached as Exhibit "A".

15.     Denied.  Defendant denies that it sent the letter attached as Exhibit "A".

16.     Defendant admits that a summons and complaint were filed by Malen & Associates, P.C. in the matter of Portfolio Recovery Associates, LLC v. Cindy R. Lanzbom. Defendant is without sufficient personal knowledge to admit or deny the remaining allegations of this paragraph and leaves Plaintiff to her proofs.  Defendant denies that it filed the complaint.

17.     Admitted.

18.     The allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

19.     The allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

20.     The allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

21. Denied. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

22. Denied. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

23. Denied. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

24. The allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

## COUNT I

25. Denied. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

26. The allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

27. Denied. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

28. Denied. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

29. Denied. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

30. Denied. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

31. Denied. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

32. Denied. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

## COUNT II

32 (Mis-numbered in original). Defendant incorporates the responses to paragraphs 1 through 32 of this answer as if set forth more fully herein.

33. Denied. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

34. Denied. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

## CLASS ALLEGATIONS

35. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.

36. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.

37. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.

38. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

39. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.

40. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.

41. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs. In addition, the allegations of this paragraph contain conclusions of law to which no responsive pleading is required.

42. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.

43. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.

44. Defendant is without sufficient personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to her proofs.

WHEREFORE, Defendant requests that this Honorable Court award judgment in favor of Portfolio Recovery Associates, LLC and against Plaintiff, together with costs, attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and such other relief as this Honorable Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff suffered no actual damages as a result of Defendant's alleged conduct.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claim is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

5. If a violation of the Fair Debt Collection Practices Act is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably calculated to avoid such error.

## SIXTH AFFIRMATIVE DEFENSE

6. The court lacks subject matter jurisdiction over Plaintiff's claims.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred by estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred by laches.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred by res judicata.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred by waiver.

WHEREFORE, Defendant Portfolio Recovery Associates, LLC demands that the complaint be dismissed with prejudice and that they be awarded costs of this action, attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and such other relief as this Honorable Court may deem appropriate.

                Respectfully submitted,
                MAURICE & NEEDLEMAN, P.C.

                **/s/ *THOMAS R. DOMINCZYK***
                THOMAS R. DOMINCZYK (TD7835)
                Attorney for Defendant
                Portfolio Recovery Associates, LLC
                5 Walter Foran Blvd.
                Suite 2007
                Flemington, NJ 08822
                (908) 237-4550
                (908) 237-4551 fax
                trd@mnlawpc.com

Dated: August 17, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct of the foregoing Amended Answer and Affirmative Defenses of Defendant, Portfolio Recovery Associates, LLC, were served on this date via the electronic filing system and regular mail, postage-prepaid, addressed to the following:

AARON COHEN, ESQ.
300 EAST 42ND STREET
10TH FLOOR
NEW YORK, NY 10017

RYAN SCOTT KARBEN, ESQ.
11 TARA DRIVE
POMONA, NY 10970

SHIMSHON WEXLER
2710 BROADWAY, 2ND FLOOR
NEW YORK, NY 10025

/s/ *THOMAS R. DOMINCZYK*
_____
THOMAS R. DOMINCZYK

Dated:  August 17, 2011