UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CINDY LANZBOM individually and on behalf of a class,<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Hon. Vincent L. Briccetti<br><br>Civil Action No.: 11-CV-04156-VB<br><br>CLASS ACTION |

**<u>DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>**

On the Brief:
Donald S. Maurice, Esq.
admission *Pro Hac Vice* pending
Maurice & Needleman, P.C.
Attorneys for Defendant
Portfolio Recovery Associates, LLC
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822
(908) 237-4550
(908) 237-4551
dsm@mnlawpc.com

                                            Dated: December 15, 2011

**INTRODUCTION AND FACTS**

Plaintiff, Cindy Lanzbom, brings this class action law suit against Defendant, Portfolio Recovery Associates, ("PRA"). Plaintiff alleges that PRA has violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

PRA's attorneys filed a lawsuit against Plaintiff in the New York State Court on January 16, 2010. Amended Complaint (Doc. 3), ¶16. On April 16, 2010, PRA obtained a judgment against the Plaintiff in New York State Court. Id.

Plaintiff alleges PRA violated the FDCPA because it collected debt and attempted to collect debt from New York residents, like Plaintiff, without being authorized to conduct business in the State of New York. Amended Complaint (Doc. 3), ¶¶17-23. Plaintiff also alleges PRA violated "GBL 349" by engaging in the same conduct. Amended Complaint (Doc. 3), ¶33. PRA believes, but is not certain, that Plaintiff's reference to "GBL 349" means New York General Business Law § 349. PRA will work under this assumption for the purposes of this brief.

Plaintiff's Amended Complaint seeks to certify two classes; one of persons that received "collection material" from PRA within one year of the filing of the Amended Complaint and, the other, composed of persons in the United States who had a money judgment entered against them in New York State Court on or after January 1, 2010. Amended Complaint (Doc. 3), ¶¶36, 39.

Plaintiff's motion for class certification does not identify the class it seeks to certify or even if the class is one of the two described in Plaintiff's Amended Complaint. Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Class Certification (Doc. 17) (hereinafter, "Plaintiff's Brief"), p. 5. It refers only to "a class" it seeks to have certified. Id.

2

PRA's brief will focus on the two classes described in Plaintiff's Amended Complaint, assuming these to be the "class" referred to in Plaintiff's Brief.

In either case, PRA will demonstrate that Plaintiff should not receive class certification. Plaintiff has not identified any facts that bring her claims, or those of the putative class, within the FDCPA or "GBL 349." Simply put, Plaintiff does not explain what facts bring her claim within the FDCPA or ""GBL 349", how the putative class shares those same facts and the common legal questions they both have. Thus, Plaintiff does not satisfy the requirements of numerosity, commonality and typicality under Fed.R.Civ.Pro. 23(a). Further, it is not clear whether Plaintiff seeks class certification under Fed.R.Civ.Pro. 23(b)(2) (on the basis of injunctive relief) or Fed.R.Civ.Pro. 23(b)(3) (predominance). In either case, class certification should be denied. First, PRA will demonstrate that because the FDCPA does not provide for injunctive relief, a class cannot be certified under Fed.R.Civ.Pro. 23(b)(2). Second, under Fed.R.Civ.Pro. 23(b)(3), Plaintiff does not provide any argument that issues common to the class predominate over individual issues. In fact, Plaintiff does not posit *any* common issues of fact or law.

Because Plaintiff does explain how her case falls within Fed.R.Civ.Pro. 23(a) or either of Fed.R.Civ.Pro. 23(b)(2) or 23(b)(3), her counsel has demonstrated they simply are not adequate class counsel.

## LEGAL ARGUMENT

### I. NATURE OF PLAINTIFF'S CLAIMS

#### A. The FDCPA

Congress enacted The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA") to eliminate abusive debt collection practices, to ensure that compliant debt collectors are not competitively disadvantaged and to promote "consistent state action" protecting consumers. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1608 (2010).

Plaintiff alleges that PRA violated §§1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10) and 1692f of the FDCPA. In order to maintain any claim under the FDCPA, Plaintiff must demonstrate that PRA is a "debt collector" within the meaning of §1692a(6) which defines "debt collector as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.
>
> §1692a(6)

Plaintiff offers no evidence that PRA was acting as a debt collector with respect to her or to the putative class members.

Second, "[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987). "By the plain terms of the statute, not all obligations to pay are considered 'debts' subject to the FDCPA." Hawthorne v. Mac Adjustment, 140 F.3d 1367, 1371 (11th Cir. 1998). The FDCPA defines a "debt" as

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5)

Thus, to be actionable under the FDCPA, the debt which was the object of PRA's collection efforts must, first, arose from a transaction for "money, property, insurance or service." Id. Plaintiff does not allege this to be the case with her debt or provide any facts indicating the "debts" of the putative class fall within this definition. Second, the "debt" must be one "primarily for personal, family or household purposes." Id. Plaintiff does not allege that her debt was incurred for any of these purposes nor does she provide any facts that explain the purposes for which the putative class incurred their "debts."

Within this Circuit, courts have uniformly interpreted that a claim under the FDCPA is actionable only if the plaintiff can demonstrate the debt was primarily for personal, family or household purposes. See, e.g., Goldman v. Cohen, 445 F.3d 152, 154, n.1 (2d Cir. 2006) (affirming the district court's dismissal of plaintiff's complaint because the debt was commercial and thus "not covered by the protective provisions of the FDCPA") (citing First Gibraltar Bank, FSB v. Smith, 62 F.3d 133, 135-36 (5th Cir. 1995); Ehlrich v. Rapid Recovery Solutions, Inc., 680 F. Supp. 2d 443, 445 (E.D.N.Y. 2010) (Cellular phone purchased from plaintiff's employer was found to be a debt because it was purchased for personal purposes).

Within this District, Courts have denied FDCPA claims when evidence was lacking that a debt was incurred primarily for personal, family or household purposes or arose from money, property, services or insurance. See Spira v. J.P. Morgan Chase, 2010 U.S. Dist. LEXIS 107828, *12-*13 (S.D.N.Y. Sept. 29, 2010) (citing Bloom v. I.C. Systems, supra, and noting that a debt

5

within the meaning of the FDCPA must arise from money, property, services or insurance incurred primarily for family, personal or household purposes); Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Hartel, 741 F.Supp. 1139, 1140-41 (S.D.N.Y. 1990) (promissory note assigned for purposes of a business loan is not actionable under the FDCPA). Neither the lender's motives nor the fashion in which the credit was extended are dispositive. Spira v. J.P. Morgan Chase, 2010 U.S. Dist. LEXIS 107828 at *13, citing, Bloom v. I.C. Systems, 972 F. 2d at 1068.

     Here, regardless of whether PRA is a "debt collector" under the FDCPA or that it was attempting to collect a debt within the meaning of the FDCPA is not false, deceptive or abusive. That a judgment was entered against Plaintiff, should be sufficient to establish that PRA has acted properly.

## II.   STANDARD ON CLASS CERTIFICATION

     Class certification under Federal Rule of Civil Procedure 23 is within the discretion of the district court. Califano v. Yamasaki, 442 U.S. 682, 703 (1979).

     To prevail on his motion, Plaintiff must satisfy all the requirements of Fed. R. Civ. P. 23(a) and at least one of the requirements of Fed. R. Civ. P. 23(b). Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993); Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002).

     Plaintiff possibly moves for certification under Fed. R. Civ. P. 23(b)(3) (common questions of law and fact predominate) and is required to satisfy these prerequisites as well. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997). Rule 23(b)(3) requires (1) "that the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Plaintiff certainly seeks class certification under Rule 23(b)(2). Plantiff's Brief (Doc. 17), p. 12. "Rule 23(b)(2) permits class actions for declaratory or injunctive relief where 'the party opposing the class has acted or refused to act on grounds generally applicable to the class.'" Amchem Prods. v. Windsor, 521 U.S. 591, 614 (1997).

The party seeking certification must satisfy his burden with respect to each requirement by a preponderance of the evidence. In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 320 (3d Cir. 2008). The district court will perform "rigorous analysis" of the evidence and arguments presented for class certification. Id., at 318. This may also require the court to perform a preliminary inquiry into the merits of the suit if those arguments implicate Rule 23 requirements. Id., at 317-318.

### A. **Plaintiff Fails to Satisfy All of the Rule 23(a) Requirements**

#### 1. Numerosity.

Numerosity requires a demonstration that the class is so numerous that the joinder of individual plaintiffs is impracticable. Fed. R. Civ. P. 23(a) (1). "Numerosity is presumed at a level of 40 members." Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995). "Where the plaintiff's assertion of numerosity is pure speculation or bare allegations, the motion for class certification fails." Oscar v. BMW of N. Am., 274 F.R.D. 498, 506 (S.D.N.Y. 2011) quoting Edge v. C. Tech Collections, Inc., 203 F.R.D. 85, 89 (E.D.N.Y. 2001) (holding that numerosity was not satisfied where the plaintiff alleged that a defendant must have sent out a number of a particular type of debt notices because the defendant was a large debt collection agency). Delgado v. McTighe, 91 F.R.D. 76, 78 (E.D. Pa. 1981)( "Mere speculation as to the number of members who may be involved is not sufficient to satisfy Rule 23(a)(1)."); Tuma v.

American Can Co., 367 F. Supp. 1178, 1188 (D.N.J. 1973) ("Speculation as to the number of parties, however, is not sufficient to satisfy the requirements of Rule 23(a) (1).").

Plaintiff offers only speculation as to the number of putative class members. She states:

> It is reasonable to infer that Malen and Associates on behalf of PRA communicated with at least 40 people between June 21, 2010 and July 11,2011 as a search of the New York Civil Court reveals that more than 40 people have been sued by Malen and Associates on behalf of PRA.

Plaintiff's Brief (Doc. 17), p. 6.

Aside from the fact that Plaintiff asks the court to speculate, or as she puts it "infer," that at least 40 people are putative class members, Plaintiff does not provide any fact to assert that PRA was acting as a debt collector within the meaning of § 1692a(6) with respect to any of these lawsuits or that the lawsuits concerned a "debt" within the meaning of § 1692a(5). It is only speculation that can allow such a conclusion to be reached.

Although Plaintiff conducted discovery of PRA and had ample opportunity to review the public record of the 40 cases identified in her own moving papers, she does not and cannot assert that any of the putative class members involved an extension of credit and that the "debt" which was the subject of these lawsuits, if any, falls within the meaning of § 1692a(5).

Because Plaintiff only speculates there are putative members of the class, she has not satisfied the numerosity requirement.

### 2. Commonality.

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this requirement, there must be "a showing that common issues of fact or law exist and that they affect all class members." Leone v. Ashwood Fin., Inc., 257 F.RD. 343, 351 (E.D.N.Y. 2009) (citing Vengurlekar v. Silverline Tech., Ltd., 220 F.R.D. 222, 227

(S.D.N.Y.2003)).

Because Plaintiff has not identified any other lawsuit filed by PRA concerning a debt within the meaning of § 1692a(6) (including her own) or that PRA was acting as a debt collector within the meaning of §1692a(5), she has not demonstrated a common question of law or fact. That PRA has had its attorneys file lawsuits does not allow the inference that those lawsuits concerned debts as defined by the FDCPA or that PRA was acting as a debt collector.  PRA concedes there are cases to the contrary, but they are distinguished from the issues here. Indeed, within this Circuit one court has said that the "need to determine the consumer nature of a debt does not automatically preclude class certification. Instead, courts should examine the general nature of the debts and the ease of separating consumer from business debts finding class certification appropriate in a variety of circumstances." Berrios v. Sprint Corp., 1998 U.S. Dist. LEXIS 6579, *29 (E.D.N.Y. Mar. 16, 1998). See also, Macarz v. Transworld Sys., 193 F.R.D. 46 (D. Conn. 2000). But, Plaintiff has not offered any evidence as to the "general nature of the debts," nor has she indicated whether he is capable of separating the various types or, for that matter, whether any of the 40 lawsuits involved a debt. Further, although not expressed in Berrios or Macarz, neither case was presented with a class representative who herself could not establish that her own debt was within the meaning of § 1692a(6) or that the defendant was a debt collector under § 1692a(5).

Second, and perhaps more important, a judgment was entered in New York State Court in favor of PRA and against Plaintiff. Amended Complaint, (Doc. 3), ¶16.  Federal courts give state court judgments the same preclusive effect that the issuing state courts would have given them. O'Connor v. Pierson, 568 F.3d 64, 69 (2d Cir. 2009) citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984); Kremer v. Chem. Constr.

9

Corp., 456 U.S. 461, 466, 102 S. Ct. 1883, 72 L. Ed. 2d 262 ("[28 U.S.C. §] 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."). The fact question Plaintiff presents –whether PRA is authorized to have lawsuits filed in its name in New York State Court, has been determined, to Plaintiff's detriment. This determination is adverse to putative class members. Likewise, because membership in at least one of the class definitions is predicated upon the filing of a lawsuit, a New York State judgment in any of the putative class members' lawsuits could likewise have a similar preclusive effect upon them.

Plaintiff has not demonstrated that there are common questions of law or fact and, therefore, has not satisfied the commonality requirement.

### 3. Typicality.

Typicality requires that the representative Plaintiff's claims arise from the same factual and legal circumstances that provide the basis for the putative class members' claims. See, Robidoux, 987 F.2d at 936-37.

Plaintiff's FDCPA claim requires a showing that PRA is a debt collector within the meaning of § 1692a(6) and that it attempt to collect from her a debt within the meaning of § 1692a(5). Plaintiff has yet to demonstrate these facts for herself. Nonetheless, Plaintiff offers no proof to demonstrate that either fact is typical of the 40 lawsuits identified in her brief.

Plaintiff has failed to demonstrate typicality.

### 4. Adequacy.

Adequacy requires that the representative plaintiff is able to provide fair and adequate protection for the interests of the class. It also requires a demonstration that the class representative and counsel can provide adequate representation to the class, meaning that (1)

plaintiff's counsel be qualified, experienced, and generally able to conduct the proposed litigation; and (2) plaintiff must not have interests antagonistic to those of the class. Baffa v. Donaldson, Lufkin & Jenrette Sec., 222 F.3d 52, 60 (2d Cir. 2000).

### a. Plaintiff is Not An Adequate Representative

A class representative must have at least minimal knowledge about her case so she can make informed decisions during the litigation. Dotson v. Portfolio Recovery Assocs., LLC, 2009 U.S. Dist. LEXIS 46903, **12-13 (E.D. Pa. June 3, 2009) citing Allen v. Holiday Universal, 249 F.R.D. 166, 184 (E.D. Pa. 2008) ("[C]ourts have denied certification where the representative appeared unaware of even the most material aspects of his case, not knowing why particular defendants are being sued, and having no conception of the class of persons that he purportedly represents."); Rand v. Monsanto Corp., 926 F.2d 596, 599 (7th Cir. 1991) ("Although a representative plaintiff need not immerse [herself] in the case, the named plaintiff must have some commitment to the case, so that the 'representative' in a class action is not a fictive concept."); Smyth v. Carter, 168 F.R.D. 28, 33 (W.D. Va. 1996) (A class representative "must be able, at a minimum, to make important nondelegable decisions about the course of the litigation . . . ."); Kaplan v. Pomerantz, 131 F.R.D. 118, 121 (N.D. Ill. 1990) ("A plaintiff whose knowledge is so wanting that [he] appears to be no more than a pawn of attorneys who seek a large fee award may be an inadequate class representative."). As one court has noted, "[t]he adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." In re American Medical Sys., 75 F.3d 1069, 1083 (6th Cir. 1996).

Plaintiff has not provided a declaration or affidavit indicating that she understands what role she would play as class representative or that she will carry out these duties should she be

11

certified as the class representative. A lack of testimony on this issue is sufficient reason to find the Plaintiff is not an adequate class representative.

Further, because Plaintiff cannot establish that her claims are typical of the putative class claims, she has no incentive to pursue the claims of the putative class members.

### b. Plaintiff's Counsel is Not Qualified

With all respect to our adversary counsel, their adequacy regarding claims under the FDCPA is called into question by the deficiencies presented in their motion for class certification.

The FDCPA provides that only debt incurred in certain circumstances and for certain purposes is actionable. Further, only persons who are "debt collectors" within the meaning of §1692a(6) are subject to FDCPA liability. Plaintiff's moving papers offer no evidence that the Plaintiff's debt is within the regulation of the FDCPA or that PRA is a debt collector. Plaintiff's counsel ignores these crucial elements of Plaintiff's and the putative class members' claims. See, Daniels v. City of New York, 198 F.R.D. 409,418 (S.D.N.Y. 2001).

### B. Plaintiff Cannot Satisfy Rule 23(b)(3) Because Individual Issues Predominate

The test for predominance involves a determination of whether the proposed class is sufficiently cohesive. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997). Fed. R. Civ. P. 23(b)(3) requires the Court to find that: 1) common questions predominate over any questions affecting only individual members; and 2) class resolution is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); Amchem, 521 U.S. at 615.

The standard is considered "far more demanding" than the commonality requirement of Rule 23(a) because a "'common claim'" does not satisfy it; rather, "'issues common to the class must predominate over individual issues.'" Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 624

(1997); In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 311 (3d Cir. 2008) (citation omitted). The Court is asked to predict how "specific issues will play out" to determine whether common or individual facts predominate. In re New Motor Vehicles Canadian Exp. Antitrust Litig., 522 F.3d 6, 20 (1st Cir. 2008). If, in order to make a prima facie case, "the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question." Blades v. Monsanto Co., 400 F.3d 562, 566 (8th Cir. 2005).

**1. Individual Issues Predominate as to 1) Whether State Court Judgments Have A Preclusive Effect; 2) Whether PRA was Acting as A Debt Collector within the Meaning of § 1692a(6) with Respect to these Lawsuits; And, 3) Whether Any of These Lawsuits Involve "Debt" Within the Meaning of § 1692a(5).**

As outlined above, Plaintiff has not obtained any information concerning whether any of the 40 lawsuits she has identified involved § 1692a(5) "debt" or whether PRA was acting as a debt collector under § 1692a(6) – all of which form the basis of Plaintiff's claim.

Given that PRA has obtained a state court judgment against Plaintiff, and that Plaintiff's claim is founded on the notion that PRA could not bring this very state court action, the preclusive effect of the judgment cannot be ignored. Similarly, since the proposed class includes persons who were sued by PRA in New York State Court, this Court will be required to explore other state court judgments entered in other lawsuits which may have a similar preclusive effect, may not involve an extension of credit, may not involve "debt" within the meaning of § 1692a(5) or may not involve circumstances where PRA was acting as a debt collector. Class certification must be denied because individual issues predominate.

**2. Individual Issues Predominate Under the GBL 349 Claim.**

The elements of a section 349 claim are (1) that the defendant engaged in a consumer-oriented act or practice which was deceptive or misleading in a material way and (2) that the plaintiff has been injured as a result. Berrios v. Sprint Corp., 1998 U.S. Dist. LEXIS 6579, at *7

(E.D.N.Y. 1998) (citing S.Q.K.F.C., Inc. v. Bell Atl. Tricon Leasing Corp., 84 F.3d 629, 636 (2d Cir. 1996); Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 623 N.Y.S.2d 529, 532, 647 N.E.2d 741 (1995)). The standard for whether an act or practice is misleading is objective, requiring "a showing that a reasonable consumer would have been misled by the defendant's conduct." Berrios at *8 (quoting S.Q.K.F.C., Inc. v. Bell Atl. Tricon Leasing Corp., 84 F.3d at 636).

Section 349 mandates a showing that plaintiff's injury be a result of reliance on a materially deceptive act or practice. Berrios, at *10-11 (citing Goshen v. Mutual Life Ins. Co., 1997 N.Y. Misc. LEXIS 486 (Sup. Ct. N.Y. Cty., Oct. 21, 1997); Gershon v. Hertz Corp., 626 N.Y.S.2d 80, 81 (App. Div. 1995)).

> Thus, where the alleged injury in a section 349 claim is a deprivation of a statutory right created by the FDCPA, the deprivation must come about as a result of plaintiff's reliance on the deceptive act. For example, if a debt collector sends a deceptive letter that misleads the debtor into thinking that she has no right to dispute the debt, a right guaranteed to her by FDCPA, there is no section 349 claim unless the debtor would otherwise have sought to dispute the debt. If she had not intention of disputing the debt and intended to pay it, her right to be free from misleading dunning letters has been violated and she may recover under FDCPA, but she has not relied to her detriment on the letter and, thus, may not recover under section 349.
>
> Id. at *10-12.

In Berrios, the court dismissed the plaintiff's section 349 claim because she failed to allege that she abstained from exercising a statutory right that she otherwise would have exercised. Id. at *12.

To recover on a claim pursuant to Section 349, plaintiff's injury must stem from reliance on the allegedly deceptive act. Similarly, to recover on a common law claim of fraud, plaintiff

14

must plead and prove reliance on the fraudulent act resulting in damage. Sokolski v. Trans Union Corp., 53 F. Supp. 2d 307, 315 (E.D.N.Y. 1999) (citing Kregos v. Associated Press, 3 F.3d 656, 665 (2d Cir. 1993), cert denied, 510 U.S. 1112, 127 L. Ed. 2d 376, 114 S. Ct. 1056 (1994); Goshen v. Mutual Ins. Co. of New York, 1997 N.Y. Misc. LEXIS 486, (Sup. Ct. N.Y. County 1997)).

Sokolski favorably cites Berrios as holding that "a plaintiff alleging a deprivation of rights under the FDCPA, who cannot also allege reliance on the deceptive act, cannot recover under Section 349." Id. at 316 (citing Berrios v. Sprint Corp., 1998 U.S. Dist. LEXIS 6579 (E.D.N.Y. 1998).

> Section 349 requires injury stemming from reliance on the allegedly deceptive act. The debtor in Berrios, like the debtor here, can neither allege nor prove injury stemming from reliance on the improper validation notice. As noted, plaintiff never intended to dispute the validity of his debt and was well aware of his rights under the FDCPA. Under these circumstances, plaintiff can neither prove that he relied on the June 15 Letter nor that his reliance resulted in any damage. These facts are fatal to plaintiff's Section 349 and his common law fraud claims." Id. at 316 (emphasis added).

Finally, a plaintiff must allege actual injury to recover under section 349, not just that they were deceived under the statute. Bildstein v. MasterCard Int'l Inc., 329 F. Supp. 2d 410 (S.D.N.Y. 2004).

The individualized assessments of reliance and actual injury to support a Section 349 claim necessarily precludes predominance.

**C. Rule 23(b)(2) Requirements Are Not Satisfied as the FDCPA Does Not Provide for Injunctive or Declaratory Relief.**

"Rule 23(b)(2) permits class actions for declaratory or injunctive relief where 'the party opposing the class has acted or refused to act on grounds generally applicable to the class.'" Amchem Prods. v. Windsor, 521 U.S. 591, 614 (1997). Plaintiff asserts he is entitled to class certification because he seeks "declaratory relief." Plaintiff's Brief, p. 12.

Here, Plaintiff proceeds under 15 U.S.C. § 1692k, which contains remedies for only money damages. Section 1692l of the FDCPA only authorizes the Federal Trade Commission (the "FTC") to seek injunctive relief. 15 U.S.C. § 1692l. This statutory scheme makes clear that Congress did not intend the FDCPA to provide declaratory or injunctive relief to private litigants. Most Circuit Courts agree. See Sibley v. Fulton Dekalb Collection Serv., 677 F.2d 830, 834 (11th Cir. 1982); Crawford v. Equifax Payment Servs., 201 F.3d 877, 882 (7th Cir. 2000) (refusing to approve a "no-opt-out" FDCPA class settlement because they are only permitted under Rule 23(b)(1) and 23(b)(2) and "all private actions under the Fair Debt Collection Practices Act are for damages" and citing Sibley); Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004). See Sparkman v. Zwicker & Assocs., 374 F. Supp. 2d 293, 299 (E.D.N.Y. 2005).

Within this Circuit the Sparkman Court joined "the majority of courts to address the issue" and found no such relief was available. Id.

Because the FDCPA does not provide private litigants injunctive or declaratory relief, FDCPA actions are not subject to certification under Rule 23(b)(2). Plaintiff's motion for class certification must be denied.

## CONCLUSION

Plaintiff has failed to satisfy all the prerequisites of Rule 23(a) and cannot demonstrate his proposed class can be certified under Rule 23(b)(2) or 23(b)(3). Plaintiff's motion should be denied.

                                  Respectfully Submitted,

                                  By:*/s/ Thomas R. Dominczyk*
                                  THOMAS R. DOMINCZYK, ESQ (TD-7835)
                                  Maurice & Needleman, P.C.
                                  Attorneys For Defendant
                                  5 Walter E. Foran Blvd., Suite 2007
                                  Flemington, NJ 08822
                                  (908) 237-4550; (908) 237-4551 (fax)
                                  trd@mnlawpc.com

Dated: December 15, 2011