**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------- x

Cindy Lanzbom,
on behalf of plaintiff and the class,

                  Plaintiff,                        11-cv-4156(VLB)(LMS)

        v.

Portfolio Recovery Associates, LLC

                  Defendant.
------------------------------------------------- x

## PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION

**THE LAW OFFICES OF SHIMSHON WEXLER, P.C.**
**2710 Broadway, 2nd Floor**
**New York, New York 10025**
**(212) 760-2400**

**THE COHEN LAW OFFICE, P.C.**
**300 E. 42nd Street, 10th Floor**
**New York, New York 10017**
**(212)-813-2000**

**LAW OFFICE OF RYAN SCOTT KARBEN**
**11 Tara Drive**
**Pomona, New York 10970**
**(914)-536-4402**

*Attorneys for Plaintiff*

PRA opposes class certification based on two spurious claims:

i.      PRA is not a "debt collector" as defined by the FDCPA and
ii.     PRA was not attempting to collect a "debt" as defined by the FDCPA.

As set forth below, neither of PRA's contentions has any legal or factual merit.   Accordingly, the class must be certified.

According to PRA's website  http://www.portfoliorecovery.com/, "Portfolio Recovery Associates, Inc. (PRA) through its subsidiaries, purchases and manages portfolios of defaulted and bankrupt consumer receivables and provides a broad range of accounts receivable management services to lenders, service providers, governments, and others. The Company combines a disciplined approach to portfolio acquisitions with a long-term view of collections and a commitment to continuous innovation..."  A link on the website to their debt buying brochure says **"We buy all types of consumer debt."** It does not mention business debt.

 Under the tab of "Core Debt" PRA's website says:

> "We refer to the purchase of non-bankrupt, charged-off **consumer** accounts as our Core Debt business...Once accounts are purchased, we sort and prioritize them. Next we notify all customers of our purchase of their account via mail, before beginning to call consumers directly…If we are unsuccessful reaching consumers directly by phone we may use other collection techniques, including phone call campaigns, collection letters, our in-house collection attorneys, or a network of third party collection lawyers..."

See true and accurate copies from the Website as of 1/5/12. They are attached as "Exhibit 1."

## CLASS CERTIFICATION IN GENERAL

Class certification is appropriate where plaintiffs satisfy the prerequisites of Rule 23(a) and one category of Rule 23(b).

Rule 23(a) permits class certification if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Plaintiffs may seek class relief: (i) where defendants have acted or refused to act on grounds generally applicable to the class, so that injunctive or declaratory relief is appropriate with respect to the class as a whole, Rule 23(b)(2); or (ii) where questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, Rule 23(b)(3). Here, plaintiff seeks to certify a (b)2 and (b)(3) class.

Rule 23 is liberally construed. Marisol A. v. Giuliani, 126 F.3d 372, 377 (2d Cir. 1997). Errors concerning class certification are to be made "in favor and not against the maintenance of a class action." Sharif v. New York State Board of Educ. Dept.,127 F.R.D. 84, 87 (S.D.N.Y. 1989) (citations omitted). "[B]ecause courts are given discretion totailor the scope of the class later in the litigation, liberal consideration of the requirements for class certification is permitted in the early stages of litigation." In re AMF Bowling Sec. Litig., No. 99 Civ. 3020, 2002 WL 461513, at *3 (S.D.N.Y. Mar. 26, 2002). While the decision to certify a class is committed to the district court's discretion, the Second Circuit is "noticeably less deferential . . . when that court has denied class status than when it has certified a class." Parker v. Time Warner Entertainment Co., L.P., 331 F.3d 13, 18 (2d Cir. 2003) (quoting Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993)). In considering whether to certify a class, the district court should not assess any aspect of the merits unrelated to a Rule 23 requirement. Instead, the class determination generally involves only considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action. In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig., 241 F.R.D. 435, 443-44 (S.D.N.Y. 2007) (citation omitted).

The central common factual issue here is whether PRA conducted business without publishing. The central common legal issue is whether conducting business in such fashion is actionable under FDCPA and the General Business Law. The factual questions raised by PRA of whether they are a debt collector is a merits based question that is irrelevant to class certification; the factual questions, to the extent any exist, will be be addressed at trial. In any event, the point raised by PRA of whether

they were attempting to collect a "debt" as defined by the FDCPA is uncontravertibly answered in the affirmative by Plaintiff's affidavit. The question of whether PRA was attempting to collect a "debt" as it pertains to the class can be answered by reviewing PRA's files and databases in addition to the admissions on its website.

The unique defense PRA alleges, that there is no "debt" under the act, is "easily resolved," "unlikely to usurp a significant portion of the plaintiffs' time and energy" and is insufficient to bar certification. Harrison v. Great Springwaters of America, Inc., 1997 WL 469996, *4 (E.D.N.Y. 1997). Like all Class Members, Plaintiff's claim turns on the legality of collecting with the legal authority conferred by publication and are typical as they "arise[] from the same course of events as other class members." Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993). *See also* Vegas v. Credit Bureau Enterprises, 2005 WL 711657, *3 (E.D.N.Y., March 29, 2005); Mailloux v. Arrow Financial Services, LLC, 204 F.R.D. 38, 41 (E.D.N.Y. 2001).

PRA's argument has been summarily rejected by other courts.  A similar argument to PRA's was raised in Macarz v. Transworld Sys., Inc., 193 F.R.D. 46 (D. Conn. 2000) and rejected: If a debt collection company as large and as sophisticated as PRA can avoid class action liability by mere fact of its own shoddy record-keeping, the Congressional purpose behind the statute would indeed be thwarted.... In addition, any disputes regarding whether a particular class member's debt is consumer or commercial can be remedied through proper drafting of the claim format the damages phase of this case. PRA's objection to class certification on grounds that the class cannot be readily identified is absurd.

In Sledge v. Sands, 182 F.R.D. 255, 258 (N.D. Ill. 1998) the court stated: " [i]t would be impossible to bring a FDCPA class action if there was a chance a possible class member incurred a business debt. Only those classes whose claims revolve around debts which on their face could definitively be associated with personal purposes could be certified under the FDCPA. Such a finding would be contrary to the clear remedial goals of the FDCPA."

The only explanation for PRA's bizarre argument that "Plaintiff's motion for class certification does not identify the class it seeks to certify" is that its counsel failed to read the papers that were submitted in the motion for class certification. The very first page of plaintiff's motion for class certification states explicitly the class it is seeking to certify:

> "a) all natural persons with a New York address b) which PRA's records show c) collection material was sent by Malen and Associates, PC to collect a PRA account d) on or after June 21, 2010 and e) on or before July 11, 2011."

## I.     PRA IS A DEBT COLLECTOR AS DEFINED UNDER THE FDCPA

PRA contends that it does not use instrumentalities of interstate commerce and is therefore not a debt collector under 1692(a)(6). The court may take judicial notice that PRA is a national publicly traded company and well known debt collector of consumer debt, but such insight is unnecessary. PRA's agent sent a communication in the form of a letter which Plaintiff intentionally attached as Exhibit A  to its Amended Complaint, which stated "This is an attempt to collect a debt, any information obtained will be used for that purpose. We are Debt Collectors."   Plaintiff attached this letter specifically to combat this contention.  PRA's attempt to lawyer around its admitted business purpose must be rejected.

## II.     PRA WAS ATTEMPTING TO COLLECT A "DEBT" AS DEFINED BY THE FDCPA

PRA has provided nothing to contest the facts alleged in the complaint that this is a consumer debt, rather PRA merely states "Plaintiff does not allege that her debt was incurred for any of these purposes [which would allow it to be covered under the FDCPA] nor does she provide any facts that explain the purposes for which the putative class incurred their 'debts'"  However, Paragraph 13 of the Amended Complaint states that [The collection communication sent out by PRA] sought to collect a debt incurred for personal, family or household purposes, namely a personal consumer credit card debt.  Furthermore, as outlined in the attached affidavit of Plaintiff, the debt clearly falls under the parameters of the FDCPA.    See Lanzbom Affidavit Para. 3 attached as "Exhibit 2"

**III.    PLAINTIFF HAS SATISFIED THE NUMEROSITY REQUIREMENT, COMMONALITY REQUIREMENT, TYPICALITY REQUIREMENT, AND ADEQUACY REQUIREMENT.**

    A.   Plaintiff has satisfied the Numerosity requirement pursuant to FRCP 23(a)(1)

The numerosity requirement is satisfied when the class is large enough to make ordinary joinder of all members impracticable. Fed. R. Civ. P. 23(a)(1). The Plaintiff is not obligated to identify the exact number of class plaintiffs. See Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993), and "courts may 'make common sense assumptions' to support a finding of numerosity." Weissman v. ABC Fin. Servs., Inc., 203 F.R.D. 81, 84 (E.D.N.Y. 2001) (quoting Pecere v. Empire Blue Cross and Blue Shield, 194 F.R.D. 66, 69 (E.D.N.Y. 2000)). However, a plaintiff seeking class certification bears the burden of showing some evidence of the number of class members or, at least, a reasonable estimate. Generally, numerosity is presumed when a class comprises forty members or more. See id. (citing Robidoux, 987 F.2d at 936 (2d Cir. 1993)).

    Here, Plaintiff has asserted based on public records and PRA has not contested, that PRA through its agent Malen and Associates, PC has filed over a thousand lawsuits within New York. Where a class is this large, common sense dictates that joinder will be impracticable. The numerosity requirement is therefore met. Although PRA has filed literally thousands of lawsuits in New York during the class period, it nevertheless claims that Plaintiff

> "… does not and cannot assert that any of the putative class members involved an extension of credit and that the "debt" which was the subject of these lawsuits, if any, falls within the meaning of § 1692a(5). Because Plaintiff only speculates there are putative members of the class, she has not satisfied the numerosity requirement."     PRA's Brief in Opposition to Plaintiff's Motion for Class Certification p. 8

    This argument flies in the face of the accepted principle that reasonable inferences may be drawn from the facts of the case. In addition, Plaintiff's lack of knowledge as to the number of class members should not be a bar to maintaining a class action when it is PRA alone who has access to the data, namely collection communications sent out by its attorney Malen and Associates, PC. See Lewis v. Gross, 663 F. Supp. 1164, 1169 (EDNY 1986). Joinder is clearly impracticable in this case.

**B.**     Plaintiff has satisfied the commonality requirement pursuant to FRCP 23a(2)

To meet the commonality requirement, the Plaintiff must demonstrate that common questions of law or fact are at the core of the cause of action. Fed. R. Civ. P. 23(a)(2). "In cases like this one 'where **FDCPA** plaintiffs have received similar debt collection letters from the defendants' mailing as the basis of the lawsuit, courts have found common questions of law or fact sufficient to certify the class.'" Harrison, 1997 U.S. Dist. LEXIS 23267, 1997 WL 469996, at *3 (quoting Labbate-D'Alauro v. GC Servs. Ltd. Pshp., 168 F.R.D. 451, 456 (E.D.N.Y. 1996)). Whether PRA has violated provisions of the **FDCPA** is the overriding legal question in this case. Thus, the commonality requirement is met.

PRA's argument that there is no commonality is based on Plaintiff's alleged failure to show that this is a "debt" and that PRA is a "debt collector." As illustrated in the Lanzbom Affidavit, said allegation has no merit and their argument fails. The commonality requirement is satisfied here since the named Plaintiff shares at least one question of fact or law with the grievances of the prospective class.  PRA failed to publish and was therefore unauthorized to engage in collections against the Plaintiff and did so anyway, and was unauthorized to engage in collection against any of the prospective class members, and yet it likewise did so anyway.

PRA further argues that because federal courts afford state court judgments the same preclusive effect that state courts provide, PRA therefore must have been authorized to engage in such collection efforts based solely on the fact that a judgment was entered. Along this same defective line of reasoning, PRA boldly asserts "That a judgment was entered against Plaintiff, should be sufficient to establish that PRA has acted properly."  This is patently absurd. Does PRA want the court to believe that even if there was fraud in procurement of a judgment, or in this case – a distinct prohibition to utilizing state court to obtain a judgment – a judgment should still be sufficient to show that everything is kosher?  Clear statute and its legislative intent makes it very clear that that PRA had no right to utilize the court system, had no right to engage in collection efforts as against Plaintiff and as against

6

the proposed class members, and yet it did so anyway. The New York Limited Liability Company

Law §802(8)(b)(i) states:

> "If within one hundred twenty days after the filing of its application for authority…proof of such publication,…has not been filed with the department of state, the authority of such foreign limited liability company to carry on, conduct or transact any business in this state shall be suspended, effective as of the expiration of such one hundred twenty day period."

PRA failed to publish within the 120 period and as of the filing of this action has not published.

The fact that there is a judgment does not help PRA at all. To the contrary, it shows that their illicit use

of the court system went further than merely filing a complaint, but they actually took it all the way to

an illicit judgment.

   **C.**      Plaintiff has satisfied the Typicality requirement pursuant to FRCP 23a(3)

The typicality requirement "is satisfied when each class member's claim arises from the same

course of events, and each class member makes similar legal arguments to prove the defendant's

liability." In re Drexel Burnham Lambert, 960 F.2d 285, 291 (2d Cir. 1992). Here, each of the

potential class members received collection communications when PRA was unauthorized to conduct

business in New York and these claims raise the same legal argument – whether failure to publish is a

violation of the FDCPA. Accordingly, the typicality requirement is met.

Here too, PRA's attack on typicality is based on Plaintiff's alleged failure to show that this is a

"debt" and that PRA is a "debt collector."   The typicality requirement is met here because the named

Plaintiff's claims are not only similar, they are in fact **<u>identical</u>** to those of the class, and the Plaintiff's

claim arose from the same course of conduct by PRA giving rise to the classes claims. See General

Tel. of the Southwest v. Falcon, 457 US 147, 156 (1982).   Namely, Plaintiff's claim and the

prospective class members' claim, both arose from PRA's failure to publish as required by statute.

   **D**.      Plaintiff has satisfied the Adequacy requirement pursuant to FRCP 23a(4)

Finally, to satisfy the fourth requirement of Rule 23(a), Plaintiff must demonstrate that "the

representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P.

23(a)(4). "Adequate representation" is a two-pronged inquiry: "first, class counsel must be qualified, experienced and generally able [*8] to conduct the litigation. Second, the class members must not have interests that are antagonistic to one another." Harrison, 1997 U.S. Dist. LEXIS 23267, 1997 WL 469996, at *5 (quoting Labbate-D'Alauro, 168 F.R.D. at 457).

Plaintiff has met the first prong of the inquiry. Plaintiff's counsel, Ryan Karben, Aaron Cohen, and Shimshon Wexler have demonstrated through their previous legal work and experience that they are sufficiently experienced in consumer class action litigation and are able to conduct this litigation. Thus, Plaintiff's counsel has shown that it will adequately represent the interests of the class. Labbate-D'Alauro, 168 F.R.D. at 457 (citing Avila v. Van Ru Credit Corp., 1995 U.S. Dist. LEXIS 461, No. 94-C-3234, 1995 WL 41425, at *9 (N.D. Ill. Jan 31, 1995)).

Plaintiff has also met the second prong of the inquiry. Plaintiff claims that there is no conflict or antagonism between the named Plaintiff and the potential class members. "A number of courts that have considered . . . FDCPA class actions challenging form collection letters have found named plaintiffs who received versions of the challenged collection letters to be adequate class representatives for purposes of Rule 23(a)(4)." Harrison, 1997 U.S. Dist. LEXIS 23267, 1997 WL 469996, at *6 (citing Colbert v. Trans Union Corp., 1995 U.S. Dist. LEXIS 578, Civ. A. No. 93-6106, 1995 WL 20821 (E.D. Pa. Jan. 12, 1995); Carr v. Trans Union Corp., 1995 U.S. Dist. LEXIS 567, Civ. A. No. 94-0022, 1995 WL 20865 (E.D. Pa. Jan. 12, 1995); Beasley v. Blatt, 1994 U.S. Dist. LEXIS 9383, No. 93 C 4978, 1994 WL 362185, at *4 (N.D. Ill. July 11, 1994)).

In this case, any of PRA's collection communications sent by its agent Malen and Associates, PC, that was directed to consumers would be members of the class.

The accompanying Affidavit of Plaintiff demonstrates that she is an adequate representative as it specifies that she is familiar with the facts of this case, has been kept apprised of the ongoing proceedings in this action, and she has the willingness and ability to make informed decision during this litigation.   See Lanzbom Affidavit Para. 1.

**E.**     Individual issues do not predominate pursuant to FRCP 23(b)(3)

Plaintiff has demonstrated that the proposed class meets the requirements of Rule 23(b)(3). First, as discussed above, it is clear that questions of law and fact common to the members of the class predominate over any questions affecting only individual members. It has been recognized in the Second Circuit that "common questions of law and fact surrounding the contents and mailing of [standardized form debt collection] letters predominate over individual issues." Harrison, 1997 U.S. Dist. LEXIS 23267, 1997 WL 469996, at *9 (quoting Labbate-D'Alauro, 168 F.R.D. at 458). Here, the issue of PRA's liability is common to all members of the proposed class and clearly predominates. Consequently, the first prong of Rule 23(b)(3) is satisfied. Furthermore, the class action is superior to other available methods for the fair and efficient adjudication of the controversy. Indeed, "suits brought under the FDCPA . . . regularly satisfy the superiority requirement." In re Risk Mgmt. Alternatives, Inc., 208 F.R.D. 493, 507 (S.D.N.Y. 2002). Given the relatively small amount of money at stake when considering each claim separately, it is unlikely that class members would elect to file individual lawsuits against these defendants. It would also be terribly inefficient to maintain hundreds of lawsuits based on similar factual predicates and the same legal theories. Therefore, a class action is clearly the superior method for adjudicating this controversy, and Plaintiff has satisfied both prongs of Rule 23(b)(3). Because a determination of PRA's liability with respect to Plaintiff will determine its liability with respect to the class, questions of law and fact predominate as to the class over individual issues as to the specific members in the class.

"As a general matter, the "Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Wal-Mart Stores, Inc. v. Visa USA Inc. (In re Visa Check/MasterMoney Antitrust Litig.), 280 F.3d 124, 136 (2d Cir. 2001). The Rule "encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Fed. R. Civ. P. 23(b)(3) adv. comm. n.

to 1966 amend. In light of these purposes, we have set forth that although "a defense may arise and may affect different class members differently, [this occurrence] does not compel a finding that individual issues predominate over common ones." In re Visa Check, 280 F.3d at 138 (internal quotation marks omitted). So "long as a sufficient constellation of common issues binds class members together, variations in the sources and application of a defense will not automatically foreclose class certification." *Id.* In re Nassau County Strip Search Cases, 461 F.3d 219, 227 (2d Cir. 2006).

**IV.   THE CLASS CLAIMS SEEKING INJUNCTIVE RELIEF PURSUANT TO FRCP 23b(2) SHOULD ALSO BE CERTIFIED**

As demonstrated in the Lanzbom Affidavit Para. 4, had Plaintiff known that PRA had no right to use the court system and no right to attempt to collect the debt, she would have defended the action and prevented a judgment from being entered against her. The reliance requirement is therefore clearly met.  Furthermore, it is axiomatic that where a judgment is entered and docketed against an individual, or where there are illicit attempts to collect a debt, there is injury.

[T]he weight of authority holds that a class action may be maintained to recover actual damages and injunctive relief pursuant to General Business Law § 349 (h) *(*see, e.g., Weinberg v Hertz Corp., Sup Ct, NY County, Mar. 5, 1984 [Wolin, J.], *affd* 105 AD2d 1169. Clearly, this was the intent of the Legislature when it enacted General Business Law § 349 (h) *(see, e.g.*, Sponsor's mem, Assembly Bill 7223-B; letter dated May 23, 1980, of Senator Bruno, Chairman, Standing Comm on Consumer Protection). Some internal citations and quotations omitted.  Super Glue Corp. v. Avis Rent A Car System, Inc., 132 A.D.2d 604

The class under GBL 349 should be certified. The Plaintiff in this case has proven that the underlying relationship involved a typical consumer transaction, namely she incurred a consumer debt and PRA attempted to collect upon it. The next two elements are also met as the omissions or representation by PRA that it is authorized to do business in New York were likely to mislead a

reasonable consumer because a reasonable consumer would not be aware of the fact that PRA had not published.  Next, PRA has injured plaintiff because it has a claim against plaintiff when it shouldn't be able to, because it has not published. While a GBL §349 claim is not viewed from the perspective of the least sophisticated, justified reliance is not an element of a GBL §349 claim. See Ellis v. Cohen & Slamowitz, LLP, 701 F. Supp. 2d.

       WHEREFORE, Plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

BY: /s/  Shimshon Wexler_____
Shimshon Wexler, Esq. (SW-0770)
THE LAW OFFICES OF SHIMSHON
WEXLER, P.C.
2710 Broadway, 2nd Floor
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com

Aaron Cohen, Esq.
THE COHEN LAW OFFICE, P.C.
300 E. 42nd Street, 10th Floor
New York, New York 10017
Telephone: (212)-813-2000
Fax: (212)-537-6861
acohen@cohenlawpc.net


Ryan Scott Karben, Esq.
Law Office of Ryan Scott Karben
11 Tara Drive
Pomona, New York 10970
914-536-4402
ryan@ryankarben.com

## CERTIFICATE OF SERVICE

I, Shimshon Wexler, hereby certify that on January 5, 2012 , I caused to be filed the foregoing document via the CM/ECF System, which allows the parties who have signed up, to receive immediate notification of documents filed electronically.

/s/  *Shimshon Wexler*